**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170407-U

Order filed September 22, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0407 Circuit No. 16-CF-228 |
| CORDARRYL STEVENSON, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Carter and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The circuit court was not required to conduct a *sua sponte* ineffective assistance of counsel inquiry.

¶ 2     Defendant, Cordarryl Stevenson, appeals from his conviction for aggravated battery. Defendant argues the Kankakee County circuit court erred when it did not conduct an inquiry into whether new counsel needed to be appointed to represent him during the motion to withdraw guilty plea proceedings because the record strongly suggested that defendant's failure to accept

the State's offer to recommend a minimum term, six-year sentence was revoked due to plea counsel's ineffective assistance. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In June 2016, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(a)(3) (West 2016)). The charge alleged that defendant knowingly caused great bodily harm to a correction officer. At defendant's first appearance, he told the court that he had an armed robbery charge pending in the Cook County circuit court and he was not sure why he was being housed at the Jerome Combs Detention Center in Kankakee County. The court admonished defendant that due to his prior convictions, he was subject to mandatory Class X felony sentencing with a prison term of 6 to 30 years. The court appointed counsel to represent defendant.

¶ 5        On August 1, 2016, defense counsel told the court that he was still reviewing the discovery tendered by the State. Counsel also noted that defendant had received an offer, and "we're trying to see if its at 50 percent or not, but—and we've also talked to [defendant] and I think we want to give this a couple more weeks." Defendant interjected that he wanted a later date. Counsel explained that defendant wanted a later hearing date due to his pending Cook County case. The court advised defendant that any sentence imposed in this case would run consecutive to the sentence imposed in the Cook County case. The court continued the case to September 27, 2016.

¶ 6        On September 27, 2016, counsel said:

> "Judge I believe we're going to ask for a continuance today and see what
> happens with the [Cook County] cases or case and then I mean we've been
> negotiating with the State. We have an offer. I—we told [defendant] that the last

time we were in [c]ourt. I don't know if he's interested or not yet [because] he wants to see what's going on with the [Cook County] case."

Defendant indicated that the Cook County case was set for trial in November. The court continued the case but noted that it might set this case for trial if the Cook County case became delayed.

¶ 7 On November 15, 2016, counsel told the court that defendant's Cook County case was set for trial in December. Counsel also said:

"So there is an offer that has been pending since the beginning of this case which [defendant] is still interested in considering. However, it's like dominoes. That first case does determine whether he'll take the plea on this one."

The court continued the case for a jury trial on January 23, 2017.

¶ 8 On January 23, 2017, defendant entered a plea of guilty to the aggravated battery charge. In exchange for his plea, the State agreed to cap its sentencing recommendation to 15 years' imprisonment. The court accepted defendant's plea. The parties asked the court to set a later sentencing date to allow defendant's Cook County case to be resolved first. The court said it did not intend to wait for the completion of the Cook County case and set the cause for a sentencing hearing on April 4, 2017.

¶ 9 At the beginning of the sentencing hearing, the State notified the court that defendant had six separate charges of aggravated battery to a peace officer pending in Cook County. The court sentenced defendant to 15 years' imprisonment.

¶ 10 On May 2, 2017, defense counsel filed a motion to withdraw defendant's guilty plea. The motion argued defendant entered the plea under a misapprehension that he had accepted the State's offer to recommend a sentence of six years' imprisonment.

¶ 11    At the hearing on the motion, defendant testified that prior to his January 2017 guilty plea, the State offered to recommend a sentence of six years' imprisonment in exchange for his guilty plea. Defendant thought that he had accepted the State's six-year offer when he entered his guilty plea. On cross-examination, defendant acknowledged that the State made its six-year offer sometime between June and August 2016, and he did not accept the offer during any of the earlier hearings. Defense counsel argued the earlier plea offer was referenced during the prior hearings, and under contract principles, the State had made an offer that defendant later accepted. The State argued its offer was revocable until it was tendered to the court, and it revoked its six-year offer before defendant entered his plea. The State also argued the court thoroughly admonished defendant of the sentence consequences before he entered his guilty plea.

¶ 12    The court denied defendant's motion finding that the record clearly established that it had informed defendant of the sentence consequences of his plea, and defendant indicated that he understood these consequences. Defendant appeals.

¶ 13                                    II. ANALYSIS

¶ 14    Defendant argues the circuit court erred when it did not conduct a *sua sponte* inquiry into plea counsel's performance because the record strongly suggests that defendant's failure to accept the minimum-sentence plea offer was due to ineffective assistance of counsel. We find that the court did not have a duty to conduct an inquiry because neither defendant nor defense counsel, acting at defendant's behest, raised a claim of ineffective assistance of counsel.

¶ 15    Generally, when a defendant believes that he has received ineffective assistance of counsel at trial, he must notify the court of counsel's purported deficiencies, and then the court must conduct an inquiry into his claim. *People v. Krankel*, 102 Ill. 2d 181, 189 (1984). A defendant may trigger an ineffective assistance inquiry either by making an oral or written

4

motion or by sending the court a letter or note. *People v. Bates*, 2019 IL 124143, ¶ 15. "[A] *pro se* defendant need not provide the underlying factual basis for his claim so long as he alleges that he has received 'ineffective assistance of counsel.' " *Id.* (quoting *People v. Ayres*, 2017 IL 120071, ¶ 23). However, a defendant must clearly raise his ineffective assistance claim with the court. *Ayres*, 2017 IL 120071, ¶ 18. We review *de novo* the issue of whether the court erred when it did not conduct an ineffective assistance of counsel inquiry. *People v. Moore*, 207 Ill. 2d 68, 75 (2003).

¶ 16        Recently, in *Bates*, 2019 IL 124143, our supreme court reviewed the issue of whether the circuit court has a duty to conduct a *sua sponte Krankel* inquiry where the record indicates that defense counsel potentially neglected defendant's case. In *Bates*, the State charged the defendant with home invasion, aggravated criminal sexual assault, and several other crimes that arose out of two separate incidents. *Id.* ¶ 3. The crimes were committed against victims A.P. and C.H. The State elected to try the defendant for the assault of A.P. first. *Id.* ¶ 4. Private counsel represented the defendant during this trial. *Id.* A public defender represented the defendant during the trial on the charges committed against C.H. *Id.* Following the jury's findings of guilt, private counsel filed a motion for a new trial. During the hearing on the motion, private counsel said "he was not defendant's attorney for the case resulting from the assault of C.H." and "although he was generally aware of the allegations, he 'couldn't possibly do as good a job in defending my client since it wasn't my case.' " *Id.* ¶ 11. Counsel also said "he 'was taken by surprise at the depth of the evidence and testimony brought by the State's attorney, meaning, brought the victim— alleged victim, forensic scientists, I had no chance to review that. As [the court] know[s], had I been thinking about that case, I would have asked for review by our own experts.' " *Id.* The circuit court denied the motion. On appeal, defendant argued "counsel's statements at oral

5

argument *** constitute an admission that he neglected defendant's case, such that a *Krankel* hearing was warranted and that the trial court erred in failing to conduct one." *Id.* ¶ 14. The supreme court noted that it had never held that defense counsel's representations, without the filing of a *pro se* motion, would trigger a *Krankel* hearing. *Id.* ¶ 21. It held "the trial court is required to inquire into counsel's effectiveness *only* upon a clear claim of ineffective assistance by a *pro se* defendant or by an attorney at the defendant's direction." (Emphasis added.) *Id.* ¶ 33.

¶ 17     Our supreme court's decision in *Bates* makes clear that the circuit court does not have an independent duty to conduct a *sua sponte* inquiry into counsel's potential neglect of defendant's case. *Id.* Instead, only defendant or defense counsel, acting at defendant's direction, can initiate a *Krankel* inquiry. *Id.*

¶ 18     Initially, we note that the assertions of ineffective assistance alleged by the instant defendant are far less direct than that at issue in *Bates*. In contrast to *Bates*, where counsel pointed out his inadequacies to the court, defendant's claim was established inferentially, at best. Even if the record clearly indicated possible neglect, only defendant or defense counsel could initiate an ineffective assistance inquiry. *Id.* Because neither defendant nor defense counsel notified the court of counsel's allegedly deficient performance, the court was not required to conduct an inquiry. However, this does not foreclose review of counsel's performance as defendant can still raise an ineffective assistance of counsel issue in a postconviction proceeding.

¶ 19                              III. CONCLUSION

¶ 20     The judgment of the circuit court of Kankakee County is affirmed.

¶ 21     Affirmed.

6